Filed 9/26/23  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>FRANKIE RODRIGUEZ,<br><br>　　Defendant and Appellant. | F085606<br><br>(Super. Ct. No. PCF417465)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Hill, P. J., Meehan, J. and DeSantos, J.

Defendant Frankie Rodriguez pled no contest to gross vehicular manslaughter while intoxicated and admitted having suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d))[1] which also qualified as a serious felony conviction (§ 667, subd. (a)). Pursuant to a negotiated plea agreement, defendant was sentenced to a 13-year term of imprisonment.

Defendant's appointed counsel had filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find no error. We affirm.

## PROCEDURAL BACKGROUND

On November 18, 2021, the Tulare County District Attorney filed an information charging defendant with gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 1), driving under the influence of alcohol and a drug, causing injury (Veh. Code, § 23153, subd. (a); count 2), driving with a blood-alcohol level above the legal limit causing injury (Veh. Code, § 23153, subd. (b); count 3), and operating a vehicle without a valid driver's license (Veh. Code, § 12500, subd. (a); count 4). As to counts 1 through 3, the information further alleged that defendant had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) which also qualified as a prior serious felony conviction (§ 667, subd. (a)). As to counts 2 and 3, the information also alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)).

On July 25, 2022, defendant moved to dismiss the prior serious felony conviction and prior strike conviction enhancement allegations pursuant to section 1385 and *People*

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

*v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Defendant contended that multiple enhancements had been alleged in one case (§ 1385, subd. (c)(2)(B)), imposition of the prior serious felony conviction enhancement could result in a sentence exceeding 20 years (§ 1385, subd. (c)(2)(C)), the current offense was based on childhood trauma (§ 1385, subd. (c)(2)(E)), that count 1 was not a violent felony as defined in section 667.5, subdivision (c) (§ 1385, subd. (c)(2)(F)), and that the prior strike and serious felony conviction was over five years old (§ 1385, subd. (c)(2)(H)).

The People opposed the motion, detailing defendant's serious and recent criminal history[2] and explaining, *inter alia*, that section 1385 does not require dismissal of enhancements if dismissal would endanger public safety.

On August 11, 2022, the trial court denied defendant's motion, concluding that defendant's criminal history was recent and that he posed a danger to the community.

On October 27, 2022, defendant pled no contest on count 1 and admitted the prior strike and prior serious felony conviction pursuant to a negotiated plea agreement. The plea agreement provided that all remaining counts[3] and allegations would be dismissed and defendant would be sentenced to 13 years in prison as follows: on count 1, eight years (the low term of four years, doubled due to the prior strike conviction) plus a five-year serious felony conviction enhancement. The parties stipulated that the preliminary hearing transcript provided a factual basis for defendant's plea.

---

[2] Defendant had previously been convicted of misdemeanor disturbing the peace (§ 415) in 2011; misdemeanor public intoxication (§ 647, subd. (f)) in 2011; assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) in 2013; carjacking (§ 215) in 2015, for which he was sentenced to prison for three years; and misdemeanor giving false information to a police officer (§ 148.9, subd. (a)) in 2019.

[3] Defendant also pled no contest to misdemeanor vandalism in a separate case on the same date.

On December 2, 2022, the trial court imposed the 13-year sentence as set out in the plea agreement[4] and awarded defendant 417 days of actual time credit and 416 days of conduct credit. The trial court also imposed a restitution fine and a suspended parole revocation restitution fine, each in the amount of $3,000, and restitution in the amount of $7,500, as well as various other fees and fines.

On January 10, 2022, defendant filed a notice of appeal.

## FACTUAL BACKGROUND[5]

On April 10, 2021, at 9:50 a.m., Lindsay Police Officer Andrew Robinson responded to a call regarding an automobile collision. When he arrived, he found a SUV with two occupants that had collided with a tree. He recognized the female passenger, KeeAna Jade Horn, from prior contacts. She was unconscious and in critical condition. He did not notice whether she was wearing a seatbelt. Defendant was the driver of the vehicle and Robinson recognized him from prior contacts. Defendant was in "very serious condition," "in and out of consciousness," and unable to speak or answer questions. Robinson noted that defendant emitted "a strong odor of alcoholic beverage." Another officer responded to the scene and also noted the strong odor of alcoholic beverage emanating from defendant. Emergency medical services soon arrived and transported both occupants of the SUV to the hospital.

Jeanette Sanchez was a clinical lab scientist at the hospital. Part of her job was conducting drug and alcohol testing. On April 10, 2021, at 11:28 a.m., a sample was collected from defendant. Sanchez tested the sample which indicated positive for cannabis and cocaine. The test results only indicated that defendant had used cannabis

---

[4]     The sentence included a 180-day concurrent term for vandalism in a separate case with credit for time served.

[5]     The factual background is drawn from the preliminary hearing transcript which was stipulated to be the factual basis for defendant's plea.

and cocaine; it did not indicate whether either substance had a psychoactive effect on the person tested. Defendant's blood-alcohol percentage was 0.1.

California Highway Patrol Officer Tyrone Bowser was certified by the trial court as an expert in accident analysis. He examined the scene of the collision and determined that the SUV was driving northbound when it crossed the southbound lane and continued past the left shoulder of the roadway. The vehicle travelled approximately 30 feet in the dirt area to the west of the street before colliding with the tree and a carport. Bowser further determined that the driver of the vehicle began to brake and skid approximately 100 feet before the site of the collision.

California Highway Patrol Officer Matthew Tyler interviewed witnesses after the collision. The owner of the property where the collision took place told Tyler that he heard the collision and then saw defendant in the driver seat of the SUV. A husband and wife were driving southbound along the same street. The wife saw the SUV driving at a high rate of speed, attempt a turn, skid, and collide with a carport, a parked vehicle, and a tree. Tyler was also certified by the trial court as an expert in accident analysis. He agreed with Bowser's analysis of the collision.

On April 10, 2021, at approximately 9:20 p.m., Tulare County Sheriff's Deputy Kathryn Zaninovich was dispatched to the hospital. The coroner had declared Horn dead. Zaninovich viewed Horn and confirmed that she was dead. Horn's body had numerous lacerations, bruising, and swelling that Zaninovich opined was consistent with a vehicle collision.

A certified Department of Motor Vehicles printout was admitted, showing that defendant did not have a valid driver's license on April 10, 2021.

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.